UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELMER T. MORRIS, | ) | CASE NO.   4:08 CV1766 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* petitioner Elmer T. Morris ("Petitioner") filed the above-captioned petition pursuant to 28 U.S.C. § 2241 against J. T. Shartle, Warden at Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton) and the United States Parole Commission (U.S.P.C.). Petitioner, who is imprisoned at F.C.I. Elkton, asserts that his request for parole was improperly denied.

BACKGROUND

Petitioner was indicted in the United States District Court for the Southern District of New York on September 27, 1983. The charges filed against him included conspiracy to violate federal narcotics laws in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1) & 841(b)(1)(A)(Count 11), possession of a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c)(2)(Count 12), racketeering conspiracy in violation of 18 U.S.C. § 1962(c)(Count 13), racketeering enterprise (Count 14), and conspiracy to murder a government witness in violation of 18 U.S.C. § 241(Count 15). The jury acquitted him of Count 15, but found him guilty of Counts 1, 11, 12, 13 and 14. The

court sentenced petitioner to 15 years on Counts 1 and 11, along with a lifetime special parole for Count 11; a 1-year sentence on Count 12; 15 years for Count 13; and, a 20-year sentence on Count 14. The sentences for Counts 1, 12, 13, and 14 were to run consecutively, leaving an aggregate sentence of 51 years. A Parole Commission hearing was held on September 27, 2007 to determine Petitioner's eligibility for parole pursuant to his federal conviction. The hearing examiner recommended a release date on parole of September 9, 2008. After an administrative review, however, a Commission executive reviewer recommended that Petitioner's sentence be continued to expiration. This reviewer's recommendation was concurred with by a second examiner, which constituted a panel recommendation. The Commission then accepted the panel recommendation. In rendering its recommendation to withhold parole, the Commission stated:

\* \* \*

> After review of all relevant factors and information presented, a decision exceeding the lower limit of the applicable guideline category by more than 48 months is warranted based on the following pertinent aggravating case factors: You were convicted of participating in racketeering behaviors that included at least 4 murders and you distributed or helped to distribute more than 6 kilograms of heroin, purity unknown. In addition, you reportedly used your contacts as you were a former police officer to identify informants. Your participation in this offense makes you a more serious threat and increases the likelihood that you will not remain crime free in the community.

(U.S.P.C. Notice of Action [Reg. # 03268-016] of 11/8/07, at 1.) Petitioner filed an administrative appeal of this decision to the National Appeals Board. On January 23, 2008, the National Appeals Board affirmed that his sentence be continued until expiration. In affirming the Commission's decision, the National Appeals Board noted:

\* \* \*
> Although you contend that you were never found to have personally participated in any murders, nor found to have personally distributed more than 6 kilograms of heroin your presentence report details your involvement in these racketeering activities.

2

> \* \* \*
>
> Contrary to your claim, the Commission's decision did not exceed the parole guidelines because the guidelines do not set an upper limit on time served for your Category Eight Offenses. Therefore, the Commission cannot exceed the guidelines even if the decision is well above the minimum term specified by the guidelines. The Commission's regulations require that it identify the pertinent case factors for [any] decision more than 48 months above the minimum term. This information was provided for you in the Notice of Action.
>
> In response to your claim that mitigating circumstances warrant a more lenient decision and that the Commission ignored favorable information in your case, the record indicates the contrary. Your positive accomplishments in the institution and your first time offender status have been considered but are not seen as a reason for a more lenient decision. The Commission's goal to protect the public's safety from any further harm that you may cause[,] if you are released[,] offsets the information in your favor.

(Notice of Action on Appeal [Reg. # 03268-016] of 1/23/08, at 1-2.) The Appeals Board noted that the Commission scheduled petitioner for a statutory interim hearing in September, 2009, after which the Commission will determine whether a different decision is warranted. *See* 28 C.F.R. Sec. 2.14(a).

ANALYSIS

Petitioner argues that the Commission's decision was arbitrary and capricious and denied him due process. He maintains that the Commission "must subscribe to the criteria set forth in both the [Parole Commission Rules and Procedures] Manual and statute [18 U.S.C. § 4206] in a manner that 'achieves [an] aura of fairness' by basing determination of just punishment on comparable periods of incarceration." (Pet. at 4.) In his case, he believes that the Commission "engaged in unsupported and unfounded innuendoes, suppositions and conjectures to arrive" at the conclusion that his parole should be continued until his term expired. He argues that the "Manual abhors sole reliance on the PSR as the linchpin for parole determination." (Pet. at 5.)

3

With regard to his due process argument, Petitioner maintains that his case was designated as an "Original Jurisdiction" case. *See* 28 C.F.R. § 2.17. As such, he believes it should have been referred to the National Commissioners for a decision. He argues that under the rules, the decision of the National Commissioner would then be based on the concurrence of three votes, with a single vote each from the Regional and National Commissioners, respectively. Petitioner adds that his case should have been referred to the Regional Commissioner for proper action in accordance with 28 C.F.R. §§ 2.17-01 & 2.17-02. He asserts that none of these procedures were followed in his case.

Moreover, Petitioner complains that his hearing was conducted by a single hearing officer when it should have been conducted by a panel. The authority upon which he asserts this right is 28 C.F.R. § 2.13. Because the Regional Commissioner allegedly failed to order a panel to conduct a hearing, there was "no split recommendation. As provided by law, the recommendation of a hearing examiner is subject to review by the Regional Commissioner. And not a Commission executive reviewer." (Pet. at 7.)

Finally, petitioner argues that the Manual requires that the Commission look to his behavior in prison as a factor. He claims that "sole reliance" on the PSR is contrary to the Commission's duty to independently determine the facts. He adds that he is entitled to know upon which facts the Commission based its decision in order to refute them.

28 U.S.C. § 2241

Claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.

1977). Here, this court has personal jurisdiction over the petitioner's custodian, Warden Shartle at F.C.I. Elkton, Ohio. It is clear, too, Petitioner is challenging the manner in which the BOP is executing his sentence, an issue over which this court has subject matter jurisdiction.

PAROLE COMMISSION DECISIONS

A federal court's scope of review over a decision by the Parole Commission is extremely limited. The Sixth Circuit has previously held that "the Parole Commission's substantive decision to grant or deny parole is an action 'committed to agency discretion' under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2), and thus is insulated from judicial review." *Farkas v. United States*, 744 F.2d 37, 39 (6th Cir. 1984). *See also Brest v. Ciccone*, 371 F.2d 981 (8th Cir. 1967) (the Board is given absolute discretion on matters of parole); *Hackett v. U.S. Parole Comm'n*, 851 F.2d 127, 129 (6th Cir. 1987). Moreover, the facts alleged fail to create an inherent constitutional liberty interest based on petitioner's expectancy of release on parole. *See Jago v. Van Curen*, 454 U.S. 14, 20-21 (1981) (holding that no liberty interest in the expectancy of parole is created under a statute in which the parole decision is discretionary).

To the extent Petitioner's habeas petition can be construed as raising claims that challenge the factual determinations of the Commission, these claims are not subject to review by this Court. *Id*. Neither the Commission's findings of fact nor its credibility determinations are subject to review. *Farkas*, 744 F.2d at 38-39. Thus, the inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence, the inquiry is only whether there is a rational basis in the record for the Commission's conclusions. *See Kimberlin v. White*, 7 F.3d 527, 533 (6th Cir.1993).

Petitioner presents no grounds in his petition warranting habeas relief. Morris first claims that the Commission's decision is unsupported by the facts regarding his participation in the

crimes. As noted above, the Commission's substantive decision to grant or deny parole is insulated from judicial review, *see Farkas*, 744 F.2d at 38-39, and factual findings about a federal prisoner's conviction are necessary components of that decision and are thus not subject to review. *See id.*

Petitioner argues that the Commission exceeded its discretion when it arbitrarily decided to exceed the lower limit and deny his release on parole because it failed to apply "good cause analysis." (Pet. at 4.) The U.S.P.C. guidelines governing a prisoner's release on parole are set forth at 28 C.F.R. § 2.19, which provides:

* * *

> (a) In making a parole or reparole determination the Commission shall consider, if available and relevant:
>
> (1) Reports and recommendations which the staff of the facility in which such prisoner is confined may make;
>
> (2) Official reports of the prisoner's prior criminal record, including a report or record of earlier probation and parole experiences;
>
> (3) Pre-sentence investigation reports;
>
> (4) Recommendations regarding the prisoner's parole made at the time of sentencing by the sentencing judge and prosecuting attorney;
>
> (5) Reports of physical, mental, or psychiatric examination of the offender; and
>
> (6) A statement, which may be presented orally or otherwise, by any victim of the offense for which the prisoner is imprisoned about the financial, social, psychological, and emotional harm done to, or loss suffered by such victim.

28 C.F.R. § 2.19(a). Contrary to Petitioner's claim, the regulations make clear that the presentence investigative report may be considered in the Commission's analysis. There is no legal basis for Petitioner's argument that the Commission failed to give greater weight to any favorable recommendations made by the prison staff of the facility in which he is confined. A rational basis existed for the Commission's conclusions, and that provides a sufficient basis upon which to affirm

the decision.

Petitioner's third claim is also meritless. He argues that the Commission failed to accord him the due process to which he believes he is entitled because his case was designated as one of "original jurisdiction." As noted earlier, not only is this Court not authorized to review the Commission's substantive decision regarding Petitioner's qualifications for parole, the Constitution creates no due process liberty interest right to receive parole. *See Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 6 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") Neither the regulation nor the due process clause requires, as petitioner maintains, that his "case be forwarded to the National Commissioners for decision[,] [or that][t]he National Commissioners' decision shall be based on the concurrence of three votes, with the Regional and National Commissioners each having a vote." (Pet. at 6.) Here, Petitioner is simply reciting the relevant criteria in the event "the Regional Commissioner . . . designate[s] that a case should be decided as an original jurisdiction case." 28 C.F.R. § 2.17. Again, to the extent the Commission designated his case as one of original jurisdiction, Petitioner has failed to establish that any failure by the Commission's to comply with its regulations violated any statutory or constitutional right. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235-38 (6th Cir. 1991); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994).

CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[1]

The court certifies that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: October 10, 2008

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[1] The statute provides, in relevant part:

                                  \* \* \*

    A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . , *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."